SUHRHEINRICH, Circuit Judge,
concurring:
I concur with the majority, but write separately to emphasize a key fact: the timing of Montell’s sexual harassment complaint, which occurred the same day that Day informed her that she had not met her performance goals,[1] and two weeks after *511 the Amended Final Warning. As the majority notes, “[t]he Supreme Court has expressed a concern that employees who see the proverbial writing on the wall that they are about to be fired should not be able to use Title VII protections to insulate themselves from adverse employment actions that were previously contemplated.” See also University of Texas Southwestern Medical Center v. Nassar, — U.S. —, 133 S.Ct. 2517, 2532, 186 L.Ed.2d 503 (2013).
There is a genuine question in this case whether Montell’s sexual harassment complaint — her first and only sexual harassment claim in the eighteen-month period of her employment with DCS — was done to insulate herself from potential termination that she was fully aware of.

. In her deposition, Montell admitted that she made the call to Lee after Day’s email informing her that she had not met her performance goals. ID# 2152-53.